## IRA M. HARRISON

### *v.*

## JOSEPH T. FARRINGTON.

Defendant was residing with his family, in the house of his mother, in this state, for the summer. His own house, in New York city, was open during the summer, and in charge of a servant. He returned to New York with his family in October.—*Held*, that leaving a copy of a *subpœna ad respondendum* for him, at his mother's house, in September, was a good service, it being "his dwelling-house or usual place of abode."

<br>

On bill. Motion to set aside service of *subpœna ad respondendum*. On order to show cause.

*Mr. S. C. Mount*, for the motion.

*Mr. J. W. Taylor*, contra.

THE CHANCELLOR.

The service of the *subpœna ad respondendum* appears to have

been made by leaving a copy thereof at the dwelling-house in Caldwell, in Essex county, where the defendant was at the time living for the season with his family. The service appears to have been made on the 10th of September. The defendant testifies that he went with his family from New York city to Caldwell to reside in that house (it was his mother's, and he owned a farm near by) about the first of June, and stayed till the early part of October. He had lived there in summer for the two previous years. His house in New York was open during the time, and in charge of a servant. The copy of the writ appears, from the testimony, to have reached his hands at

NOTE.—In *Thomas* v. *Earl of Jersey*, *2 Myl. & K. 398*, a copy of the bill left at defendant's *town* house, on January 16th, although he was abroad, and had been since the preceding November, was deemed a valid service.

In *Davidson* v. *Marchioness of Hastings*, *2 Keen 509*, service at the dwelling-house in London of a peeress of Scotland, who was then absent in Scotland, and claimed to be domiciled there, was held good.

In *Att'y-Gen.* v. *Stamford*, *2 Dick. 744*, a peer was in the country, and was there served with a subpœna, but both houses of parliament being then in session, it seems, he was considered to be in town.

In *McDonough* v. *McCartney*, *8 Irish Com. Law 239*, service at defendant's home in Dublin, while he was in London attending to his parliamentary duties, was deemed insufficient.

In *Evans* v. *Payne*, *30 La. Ann. 498*, where a defendant resided alternately in different parishes, a service in either of them was held good. See *Gilman* v. *Cutts*, *27 N. H. 348*.

In *Ames* v. *Winsor*, *19 Pick. 247*, the writ described the defendant as of Duxbury, but then commorant in Boston. *Held*, that a return of a summons left at his last and usual place of abode in Boston, was invalid. Also, *Sanborn* v. *Stickney*, *69 Me. 343*.

In *Gadsden* ads. *Johnson*, *1 Nott & McCord 89*, the defendant had a town and country residence, and left the former with his family in November, and resided in the country until the following May. A writ left at his town house in April, was held to be no service. See, further, *Cunningham* v. *Maund*, *2 Ga. 171; Greene* v. *Greene*, *11 Pick. 410; Gilman* v. *Gilman*, *52 Me. 165; Hairston* v. *Hairston*, *27 Miss. 704; Walker* v. *Walker*, *1 Mo. App. 404; Douglas* v. *New York*, *2 Duer 110; Bartlett* v. *New York*, *5 Sandf. 44*.

Whether leaving the copy of the writ at the place where defendant lodges, is sufficient, see *Bickford* v. *Skewes*, *9 Sim. 428; Davies* v. *Westmacott*, *7 C. B. (N. S.) 829; Anon.*, *4 Irish Law Rec. (O. S.) 180; Fitzgerald* v. *Salentine*, *10 Metc. 436; People* v. *Croft*, *7 Paige 325; Hodson* v. *Gamble*, *3 Dowl. P. C. 174; Smith* v. *Parke*, *2 Paige 298*.

. the house in Caldwell soon after it was left there. The character of the defendant's residence there is shown by his answer to the question whether he did not make his home at the house in Caldwell when he went there with his family. His reply was, that if a man can have two homes, he did. The service on him there was a good service. It was at his dwelling-house or usual place of abode. *City Bank* v. *Merrit, 1 Gr. 131; Stout* v. *Leonard, 8 Vr. 492.* Moreover, it appears that the defendant has, since the service, taken a step in the litigation of the cause on the merits. He has given notice of taking testimony *de bene esse.* The motion is denied, with costs.

It seems not, after he has left such lodgings above twelve months, *Parker* v. *Blackbourne, 2 Vern. 369 ; Wotton* v. *Parsons, 4 McCord 368 ; Hyslock* v. *Hoppock, 5 Ben. 447 ; Barrett* v. *Black, 25 Ga. 151.*

The length of time a person remains at one or more houses does not affect or qualify his residence there, *Walcot* v. *Botfield, Kay 534.*

A hotel or boarding-house where defendant is temporarily sojourning, is not to be deemed "his usual place of abode," *White* v. *Primm, 36 Ill. 416 ; Smith* v. *Cohea, 3 How.* (*Miss.*) *35.* See *Conwell* v. *Atwood, 2 Ind. 289 ; Segoine* v. *Auditor, 4 Munf. 398.*

An officer of a corporation who lives in another town, is not, as to corporation litigation, considered as having his residence where the corporation office is located, *Adams* v. *Willimantic Linen Co., 46 Conn. 320.*

Service on a corporation may be made by leaving a copy of the writ at the official's dwelling, *Water Lot Co.* v. *Bank of Brunswick, 30 Ga. 685 ; Harris* v. *Somerset R. R. Co., 47 Me. 298.* See *Holmes* v. *Fox, 19 Me. 107 ; Southern Cb.* v. *Roger, Cheves Eq. 48 ; Hoen* v. *Atlantic R. R. Co., 64 Mo. 561 ; Glaize* v. *South Carolina R. R., 1 Strobh. 70.*

A corporation having more than one main office may be served at any of them, *Carbon Iron Co.* v. *McClaren, 5 H. L. C. 416 ; Pond* v. *Hudson River R. R., 17 How. Pr. 543 ;* but not at a mere branch office, *Conroe* v. *National Protection Ins. Co., 10 How. Pr. 408.*

Whether a strict and literal compliance with the statutory requirements as to leaving a copy must be shown by the return, *Vandiver* v. *Roberts, 4 W. Va. 493 ; Capehart* v. *Cunningham, 12 W. Va. 750 ; Tompkins* v. *Wiltberger, 56 Ill. 385 ; Pollard* v. *Wegener, 13 Wis. 569 ; Walke* v. *Bank of Circleville, 15 Ohio 288 ; Bruce* v. *Cloutman, 45 N. H. 37 ; Bryant* v. *State, 5 Ind. 245 ; Smithson* v. *Briggs, 33 Gratt. 180.* See *Palmer* v. *Keleher, 111 Mass. 320 ; Hyslop* v. *Hoppock, 5 Ben. 447 ; Pigott* v. *Snell, 59 Ill. 106 ; Earl* v. *McVeigh, 91 U. S. 503.*—REP.